C. D. BIGELOW, exr., *vs.* GEORGE H. CROSS, apt.

October Term, 1896.

Present: TAFT, ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*Contract not to Extend Building.*

A contract between adjoining-lot owners that the front of a building upon one of such lots shall not be extended, is broken by an addition which, though incomplete, obstructs the view and makes the premises unsightly.
The defendant having thus broken his contract could not avoid liability by declaring that he might yet remove instead of completing the structure, nor even by doing so after the action had been brought.

GENERAL ASSUMPSIT. Plea, the general issue. Heard on an agreed statement at the June Term, 1896, Caledonia County, *Ross*, C. J., presiding. Judgment for the defendant. The plaintiff excepted.

The facts appear in the opinion.

*W. P. Stafford* for the plaintiff.

*Dunnett & Slack* for the defendant.

START, J. It appears from the agreed statement of facts, that, on the 20th day of January, 1892, the defendant owned a building and lot on the west side of Main street in the village of St. Johnsbury, immediately north of a dwelling-house and lot owned by the testator; that the fronts of these buildings were about equally distant from the street and about nine or ten feet from the sidewalk; that, on the day and year above named, the testator paid the defendant $100, in consideration of the defendant's agreement not to extend the front of his building beyond its then bounds; and that the defendant executed a writing acknowledging the receipt of the money and agreeing to refund the same, with interest, in case he violated his agreement. On the 11th day of November, 1895, the

defendant made a contract with a builder to erect a one-story addition to the front of his building, to extend eight and one-half feet toward the sidewalk. Pursuant to this contract, the foundation was laid, a frame erected thereon, and the sides, front and roof of the same partly boarded. The structure remained in this condition until two weeks after the date of the writ, when the defendant had it taken down. On the day of the date of the writ, the plaintiff demanded the $100 and interest. Payment was refused, and this action was thereupon brought. When the defendant refused to refund the money, he stated, that he had stopped work on the addition, and it was uncertain whether he would complete it or remove it; and that he would pay the $100 if he went on with the addition, but, if he did not, he did not want to pay it.

The defendant's counsel insists, that there was no breach of the defendant's agreement at the time the suit was brought, because the extension of the building toward the street was not a completed structure; and that nothing short of a substantially completed structure would entitle the plaintiff to a return of the money. If this is the true construction of the contract, there would seem to be no good reason why the defendant might not, at all times, maintain an incomplete structure that would obstruct the plaintiff's view as effectually as a completed structure, and thereby defeat the object and purpose of the contract for which the testator paid the $100; but this is not the true construction of the contract. It is clear that the purpose of the agreement was to prevent the defendant from injuring the testator's premises by making them unsightly and obstructing the view. The incomplete structure obstructed the view as effectually as a completed structure would, and was of such a character as to constitute a breach of the agreement; and the fact that the defendant removed the structure after the right to the return of the money had become absolute, and a suit had been brought for its

recovery, will not defeat the action. The defendant had no right to extend the front of his building and keep the money. He did extend it and suffered it to so remain for two weeks after the money was demanded, its return refused, and suit brought for its recovery. Under these circumstances, full effect will be given to the contract by awarding a return of the money and interest thereon, and leaving the defendant in the enjoyment of his original rights.

*Judgment reversed; judgment for the plaintiff to recover $129.00 and his costs.*